OPINION
{¶ 1} The following is an accelerated calendar appeal submitted on the briefs of the parties. Appellant, Jason Jarrett, appeals from a judgment of the Portage County Court of Common Pleas, granting summary judgment to appellee, Progressive Preferred Insurance Company ("Progressive"). For the reasons set forth below, we affirm the judgment of the trial court.
 {¶ 2} On approximately May 21, 2000, appellant contacted Progressive and reported that his 2000 S10 Chevy pickup truck with approximately 4,200 miles was stolen from a parking lot at Kent State University. According to Progressive, appellant paid approximately $380 per month to lease the vehicle, and the vehicle was insured by Progressive under the terms and conditions set forth in the applicable policy of insurance, policy number 41015680-0.[1] According to Progressive, at the time of his initial report, appellant advised Bill Lepkowski ("Lepkowski"), an investigator for Progressive's Special Investigation Unit, that he could account for all the keys to the vehicle.
 {¶ 3} Appellant's vehicle was recovered approximately three days after the theft was reported. Lepkowski conducted an investigation, and he discovered that the vehicle was badly burned. According to an affidavit by Lepkowski, the tires on the vehicle had very substantial wear for a vehicle that new. Further, this affidavit indicated that Lepkowski sent the keys provided by appellant and the ignition debris to JET Forensic Investigations. According to Lepkowski, the JET report indicated that there was no sign of tampering or forcing of the locking plate.
 {¶ 4} Further, Lepkowski stated in his affidavit that the "report indicated that the vehicle was equipped with a MRD (Magnetic Rotation Device) or a Passlock passive electronic engine cutoff system. The vehicle's engine will not run if the ignition lock is not operated with the proper type key." Progressive did not make the JET report part of the record.
 {¶ 5} Lepkowski next began to investigate appellant's background and financial situation. Progressive informed appellant, by letter dated June 19, 2000, that appellant was to appear and give an examination under oath on June 27, 2000. Progressive also required appellant to appear with various documents, including in relevant part: documentation of his income for the period of one year prior to the loss; Federal and Ohio income tax returns for the previous tax year; his checkbook register and bank account statements for the three months prior to the loss; and all telephone records for the last three months. According to Progressive, appellant did not appear at the stated time for his examination under oath. Appellant does not dispute this.
 {¶ 6} According to Progressive's June 19, 2000 letter, appellant's cooperation was required pursuant to the applicable policy. This letter noted that the policy stated in the "Other Duties" section:
 {¶ 7} "A person claiming any coverage under this policy must:
 {¶ 8} "1. Cooperate with us and assist us in any matter concerning a claim. * * *
 {¶ 9} "2. Allow us to take signed or recorded statements, including statements under oath, and answer all reasonable questions we may ask, when and as often as we may reasonably require."
 {¶ 10} Lepkowski stated in his affidavit, "I could not complete my investigation because Mr. Jarrett failed to cooperate. He refused to present for an Examination under Oath or provide necessary documentation after numerous requests." Accordingly, on December 13, 2000, Progressive notified appellant by letter that his claim was placed into suspended status. Progressive stated that its decision was based upon appellant's failure to cooperate with the investigation.
 {¶ 11} Appellant filed a complaint against Progressive on February 13, 2001, alleging breach of contract and bad faith. Appellant requested both compensatory damages in an amount of $25,000 in addition to punitive damages and attorney fees.
 {¶ 12} Progressive timely answered. On April 4, 2001, Progressive served written interrogatories and requests for production upon appellant, requesting information related to appellant's financial records, including banking records and W-2 forms. Progressive did not receive a response and followed-up with a letter, dated June 29, 2001. Appellant served his responses to the requests for production in July 2001, responding to each request with either the words "none" or "objection." Appellant signed an affidavit, dated August 5, 2002, stating that his response was accurate and complete.
 {¶ 13} Progressive followed-up with a letter to appellant's counsel, dated August 1, 2001, stating that appellant's response was inadequate. Having not received an adequate response, Progressive sent another letter to appellant's counsel, dated November 7, 2001, requesting a proper response. Having still not received a proper response, on September 3, 2002, Progressive moved to compel production of appellant's financial records and W-2 forms. Although this motion was granted on October 1, 2002, no response was received.
 {¶ 14} Progressive deposed appellant on May 9, 2001. Only the title page and one substantive page of the transcript have been made part of the record, as they are attached as an exhibit to Progressive's motion for summary judgment.
 {¶ 15} In a July 18, 2002 order, the trial court stated that its review of the docket revealed that no proceedings had taken place in over six months. Accordingly, the court ordered that "[i]n accordance with Rule 40(A), Rules of Superintendence for Courts of Common Pleas, this case shall be dismissed for want of prosecution unless within ten (10) days of the date of this entry good cause be shown by motion why this matter should not be dismissed." Although no such motion appears in the record, the matter was not dismissed in accord with this order.
 {¶ 16} Progressive moved for summary judgment on October 21, 2002. Progressive argued that summary judgment in its favor was appropriate because appellant's failure to appear at the scheduled examination under oath precluded coverage under the applicable policy. Progressive further noted that appellant was not entitled to compensatory or punitive damages. Progressive attached to its brief in support of its motion: (1) one substantive page of appellant's deposition; (2) Lepkowski's affidavit; (3) Progressive's June 19, 2000 letter to appellant advising him of his duty to cooperate with the investigation and informing him of his scheduled examination under oath; and (4) Progressive's letter to appellant, dated December 13, 2000, advising him that his claim was suspended.
 {¶ 17} Appellant was granted leave and filed a reply brief on February 29, 2003. In his brief, appellant argued that he fully cooperated with Progressive's investigation of the claim. In support of this, he contended that he notified Progressive of the theft, filed a police report with the Kent Police Department, and fully cooperated with Kent's investigation. Appellant further argued that he met with a representative of Progressive on May 23, 2000, gave a statement to Progressive at that time, and provided Progressive with an affidavit, dated June 8, 2000.
 {¶ 18} Appellant did not address Progressive's argument that appellant failed to appear at a scheduled examination under oath. Further, appellant's reply brief contained no exhibits, and appellant had not made part of the record any police report by Kent; evidence of Kent's investigation and his cooperation; any statement appellant made on May 23, 2000 to Progressive; or any affidavit appellant provided to Progressive on June 8, 2000. Further, appellant submitted nothing to show that Progressive's requirement that he submit to an examination under oath and produce documents was unreasonable under the circumstances.
 {¶ 19} The trial court granted summary judgment to Progressive on March 20, 2003. The trial court stated that "[u]pon review and consideration of the motions, pleadings, depositions, and affidavit filed herein, and construing the evidence most strongly in favor of [appellant], the Court finds that there are no genuine issues of material fact, and that [Progressive] is entitled to judgment as a matter of law."
 {¶ 20} From this judgment, appellant appeals and sets forth the following assignment of error:
 {¶ 21} "[1.] The Common Pleas Court erred in granting [Progressive's] Motion for Summary Judgment as there exists a genuine issue of material fact to be litigated in this matter."
 {¶ 22} Before addressing the merits of appellant's sole assignment of error, we will lay out the appropriate standard of review. An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio EdisonCo., 77 Ohio St.3d 102, 105, 1996-Ohio-336. Pursuant to Civ.R. 56, summary judgment is appropriate when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can reach only one conclusion, which is adverse to the party against whom the motion is made, such party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C);Mootispaw v. Eckstein, 76 Ohio St.3d 383, 385, 1996-Ohio-389;Leibreich v. A.J. Refrigeration, Inc., 67 Ohio St.3d 266, 268,1993-Ohio-12; Bostic v. Connor (1988), 37 Ohio St.3d 144, 146.
 {¶ 23} Material facts are those facts that might affect the outcome of the suit under the governing law of the case. Turnerv. Turner, 67 Ohio St.3d 337, 340, 1993-Ohio-176, citingAnderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 248. To determine what constitutes a genuine issue, the court must decide whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. Turner at 340.
 {¶ 24} A party seeking summary judgment on the grounds that the nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claim. Dresher v. Burt,75 Ohio St.3d 280, 1996-Ohio-107. Accordingly, the moving party must specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claim. Id. If the moving party satisfies its initial burden under Civ.R. 56(C), the nonmoving party has the reciprocal burden to respond, by affidavit or as otherwise provided in the rule, so as to demonstrate that there is a genuine issue of fact. Id. However, if the nonmoving party fails to do so, then the trial court may enter summary judgment against that party. Id.
 {¶ 25} In appellant's assignment of error, he argues that the trial court erred by granting summary judgment to Progressive. Specifically, appellant contends that a genuine issue of material fact existed as to whether he cooperated with Progressive's investigation of the claim. We disagree.
 {¶ 26} The trial court correctly granted summary judgment to Progressive on appellant's claim for breach of contract, as there existed no genuine issue of material fact that appellant failed to cooperate with Progressive's investigation and, as such, coverage was precluded. Progressive put forth evidence of the type listed in Civ.R. 56(C), demonstrating that the applicable policy authorized Progressive to take appellant's examination under oath as part of a claims investigation; appellant was required to cooperate with this investigation; appellant failed to cooperate; and appellant's lack of cooperation precluded coverage. Progressive thus satisfied its burden to put forth evidence demonstrating the absence of a genuine issue of material fact as to appellant's claim for breach of contract.
 {¶ 27} Appellant's reply brief failed to address his alleged failure to appear at the scheduled examination under oath, and he also failed to demonstrate that Progressive's requirement that appellant submit to an examination under oath and produce documents was unreasonable under the circumstances. Appellant failed to counter Progressive's motion for summary judgment with anything other than bald allegations, and mere allegations in appellant's pleadings are insufficient to affirmatively demonstrate a genuine issue of material fact. Dresher at 293. Appellant thus failed to meet his reciprocal burden to affirmatively demonstrate a genuine issue of material fact as to his claim for breach of contract. Accordingly, the trial court properly granted summary judgment to Progressive on appellant's claim for breach of contract.
 {¶ 28} The trial court also properly granted summary judgment to Progressive on appellant's claim for breach of good faith, as no genuine issue of material fact existed that Progressive acted in good faith when denying appellant's claim. R.C. 1301.01(S) defines good faith as "honesty in fact in the conduct or transaction concerned." We note that "[m]ere refusal to pay insurance is not, in itself, conclusive of bad faith." Hoskinsv. Aetna Life Ins. Co. (1983), 6 Ohio St.3d 272, 277. "To withstand a motion for summary judgment in a bad faith claim, an insured must oppose such a motion with evidence which tends to show that the insurer had no reasonable justification for refusing the claim * * *." Tokles Son, Inc. v. MidwesternIndem. Co. (1992), 65 Ohio St.3d 621, 630.
 {¶ 29} As discussed above, Progressive put forth evidence demonstrating that coverage was precluded, and it properly denied appellant's claim because appellant failed to cooperate with Progressive's claims investigation. As such, Progressive met its burden to put forth evidence demonstrating the absence of a genuine issue of material fact as to whether it acted in good faith when denying appellant's claim.
 {¶ 30} However, appellant failed to put forth evidence affirmatively demonstrating the existence of a genuine issue of material fact as to whether he cooperated with Progressive or whether Progressive had reasonable justification for refusing the claim. Appellant's reply brief was merely four pages long and contained no affidavits or exhibits supporting the allegations in his brief. Appellant failed to address his alleged failure to appear at a scheduled examination under oath, and he also failed to demonstrate that Progressive's requirement that appellant submit to an examination under oath and produce documents was unreasonable under the circumstances. Accordingly, there existed no genuine issue of material fact that Progressive acted in good faith and denied appellant's claim in accord with the applicable policy. The trial court correctly granted summary judgment to Progressive on appellant's claim for breach of good faith.
 {¶ 31} In conclusion, there existed no genuine issue of material fact that appellant failed to cooperate with Progressive's investigation and, as such, Progressive properly denied appellant's claim. Progressive was entitled to summary judgment on appellant's claims for breach of contract and breach of good faith. Therefore, appellant's sole assignment of error is without merit, and we hereby affirm the judgment of the trial court.
O'Neill, J., Grendell, J., concur.
[1] The relevant policy has not been made part of the record by either appellant or Progressive.