[Cite as *State ex rel. Ames v. Portage Cty. Solid Waste Mgt. Dist. Bd. of Commrs.*, 2022-Ohio-2740.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO ex rel.<br>BRIAN M. AMES, | CASE NO. 2022-P-0016 |
| Relator-Appellant, | Civil Appeal from the<br>Court of Common Pleas |
| - v - | |
| PORTAGE COUNTY SOLID<br>WASTE MANAGEMENT DISTRICT<br>BOARD OF COMMISSIONERS, et al., | Trial Court No. 2021 CV 00537 |
| Respondents-Appellees. | |

## O P I N I O N

Decided: August 8, 2022
Judgment: Reversed and remanded

*Brian M. Ames*, pro se, 2632 Ranfield Road, Mogadore, OH 44260 (Relator-Appellant).

*Victor V. Vigluicci*, Portage County Prosecutor, and *Christopher J. Meduri*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondents-Appellees).

MARY JANE TRAPP, J.

{¶1} Relator-appellant, Brian M. Ames ("Mr. Ames"), appeals from the judgment entry of the Portage County Court of Common Pleas granting summary judgment to respondents-appellees, Portage County Solid Waste Management District Board of Commissioners (the "SWMD board") and Portage County Board of Commissioners ("the board") (collectively, "respondents"), on his claims brought pursuant to R.C. 121.22, i.e., the Open Meetings Act (the "OMA").

{¶2} Mr. Ames asserts four assignments of error, contending that the trial court erred (1) by granting judgment in favor of respondents because their counsel, i.e., the county prosecutor, represented the visiting judge in an original action Mr. Ames filed in this court; (2) by granting summary judgment to respondents without giving him 28 days to respond to their motion; (3) by finding that "the record establishes the Respondent had a rule for notice of meetings in compliance with division (F) of R.C. 121.22"; and (4) by failing to grant his motion for partial summary judgment.

{¶3} After a careful review of the record and pertinent law, we find as follows:

{¶4} (1) This court lacks jurisdiction to reverse the trial court's judgment based on Mr. Ames' claim of judicial bias. Since only the Chief Justice or her designee may hear disqualification matters, a court of appeals is without authority to pass upon disqualification or to void the judgment of the trial court on the basis of judicial bias.

{¶5} (2) The trial court erred by granting respondents' motion for summary judgment prior to the expiration of the 28-day response deadline in Civ.R. 6(C)(1).

{¶6} (3) Mr. Ames' third assignment of error is moot in light of our disposition of his second assignment of error.

{¶7} (4) Since reversible error in this case occurred when the trial court prematurely granted respondents' motion for summary judgment, we necessarily reverse the trial court's implicit denial of Mr. Ames' motion for partial summary judgment.

{¶8} Thus, we reverse the judgment of the Portage County Court of Common Pleas and remand for further proceedings. On remand, the trial court shall permit Mr. Ames to file a response to respondents' motion for summary judgment and shall consider the merits of Mr. Ames' motion for partial summary judgment.

2

Case No. 2022-P-0016

## Substantive and Procedural History

{¶9} The board established the Portage County Solid Waste Management District ("the SWMD") by resolution on December 20, 1988. Pursuant to R.C. 3734.52(A), the board serves as the SWMD's board of directors. The board refers to itself as the SWMD board when conducting SWMD business.

{¶10} Mr. Ames is a resident of Randolph Township in Portage County. In August 2021, Mr. Ames, pro se, filed a 46-count "verified complaint in declaratory judgment, injunction, and mandamus for enforcement of R.C. 121.22" against the board and the SWMD board in the Portage County Court of Common Pleas.

{¶11} In count 1, Mr. Ames alleged that the board violated the OMA by failing to establish, by rule, a reasonable method "that actually reaches the public" whereby any person may determine the time, place, and purpose of all special meetings. In 30 counts,[1] Mr. Ames alleged that the SWMD board violated the OMA by taking formal action by consent agenda at meetings held in September through December 2019. In 14 counts,[2] Mr. Ames alleged that the SWMD board violated the OMA, R.C. 149.43 (i.e., the Public Records Act), and R.C. 305.10 by preparing minutes for several of those meetings that did not reflect the place where the meetings were held. In count 20, Mr. Ames alleged that the SWMD board violated the OMA at one of those meetings by delegating its decision-making authority to the SWMD director to rent trucks as needed.

{¶12} Mr. Ames requested a finding that respondents committed 46 violations of the OMA; an injunction "enjoining" respondents to comply with all provisions of the OMA;

---

1. Counts 2, 4, 6, 8, 10, 12, 14, 16, 18, 21, 23, 25, 27, 29, and 31 through 46.
2. Counts 3, 5, 7, 9, 11, 13, 15, 17, 19, 22, 24, 26, 28, and 30.

3

a civil forfeiture of $500 for each violation; court costs and reasonable attorney fees; a declaration that all formal actions taken by consent agenda were invalid; and an order requiring the board to establish a rule pursuant to R.C. 121.22(F).

{¶13} The trial court judge filed a recusal entry and requested the appointment of a visiting judge.

{¶14} In October 2021, respondents filed an answer denying that it had violated the OMA. Mr. Ames filed a motion for partial summary judgment on counts 2 through 19 and 21 through 46 of his complaint.[3] In December, a visiting judge was assigned, and a status conference was scheduled for March 11, 2022.

{¶15} In January 2022, Mr. Ames filed a petition for a writ of procedendo in this court (case no. 2022-P-0007), alleging that the visiting judge had failed to timely rule on pending motions in a separate civil case against the board. The county prosecutor represented the visiting judge in the original action proceedings.

{¶16} On February 28, respondents filed a motion for summary judgment on all counts of Mr. Ames' complaint. On March 11, a status conference was held. On the same date, the trial court filed a journal entry and order granting respondents' motion for summary judgment. Mr. Ames filed a notice of appeal.

{¶17} On March 31, this court granted Mr. Ames' petition for a writ of procedendo. *See State ex rel. Ames v. Pokorny*, 11th Dist. Portage No. 2022-P-0007, 2022-Ohio-1102.

{¶18} In May, while this appeal was pending, Mr. Ames filed an affidavit in the Supreme Court of Ohio seeking to disqualify the visiting judge from 13 pending civil cases,

---

3. Mr. Ames did not move for summary judgment on counts 1 and 20 of his complaint.

4

including the underlying case. The visiting judge filed a recusal entry, and the Chief Justice denied Mr. Ames' affidavit as moot. *See* case no. 22-AP-048.

{¶19} Mr. Ames presents the following four assignments of error on appeal:

{¶20} "[1.] The trial court erred by granting judgment in favor of a client represented by his own attorney.

{¶21} "[2.] The trial court erred by granting the Board summary judgment before the expiration of the 28 days to respond to the Board's motion provided by Civ.R.6(C)(1).

{¶22} "[3.] The trial court erred by finding that 'the record establishes the Respondent had a rule for notice of meetings in compliance with division (F) of R.C. 121.22.'

{¶23} "[4.] The trial court erred by not granting Mr. Ames summary judgment on Counts 2 through 19 and 21 through 46 of his Complaint."

{¶24} In their appellate brief, respondents state that they do not oppose a remand of this matter in its entirety.

## Standard of Review

{¶25} We review a decision granting or denying a motion for summary judgment de novo. *Magby v. Sloan*, 11th Dist. Ashtabula No. 2020-A-0045, 2021-Ohio-3171, ¶ 18.

## Disqualification

{¶26} In his first assignment of error, Mr. Ames contends that the trial court erred in granting judgment in favor of respondents because their counsel, the county prosecutor, represented the visiting judge in *State ex rel. Ames v. Pokorny*, *supra*. Mr. Ames argues that the visiting judge should have been disqualified pursuant to R.C. 2701.03(A), which provides:

5

{¶27} "If a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with division (B) of this section."

{¶28} The authority to pass upon the disqualification of a judge of a court of common pleas is vested in the Chief Justice or her designee pursuant to Article IV, Section 5(C) of the Ohio Constitution. *Beer v. Griffith*, 54 Ohio St.2d 440, 377 N.E.2d 775 (1978). In *Beer*, the Supreme Court of Ohio held that a court of appeals is "without authority to pass upon disqualification or to void the judgment of the trial court" on the basis of judicial bias. *Id.* at 441-442. "Although a judge would be without power to hear and determine a cause *after disqualification*, his judgment, however erroneous, *before disqualification* is not void." (Emphasis added.) *Id.* at 442. *Accord Kondrat v. Ralph Ingersoll Publishing Co.*, 56 Ohio App.3d 173, 174, 565 N.E.2d 882 (11th Dist.1989); *Holloway v. Holloway Sportswear, Inc.*, 3d Dist. Shelby Nos. 17-98-20, 17-2000-18, 2001 WL 633792, *4 (June 7, 2001); *State v. Greer*, 9th Dist. Summit No. 15217, 1992 WL 316350, *9 (Oct. 28, 1992).

{¶29} Mr. Ames did not file an affidavit of disqualification in the Supreme Court of Ohio until *after* the trial court granted respondents' motion for summary judgment. Accordingly, this court lacks jurisdiction to reverse the trial court's judgment based on Mr. Ames' claim of judicial bias.

{¶30} Mr. Ames' first assignment of error is without merit.

6

Case No. 2022-P-0016

## Due Process

**{¶31}** In his second assignment of error, Mr. Ames contends that the trial court violated his due process rights by granting respondents' motion for summary judgment prior to the expiration of the 28-day response deadline in Civ.R. 6(C)(1).

**{¶32}** One of the overriding goals of Civ.R. 56 is fundamental fairness to all litigants, given the high stakes involved when summary judgment is sought. *Hooten v. Safe Auto Ins. Co.*, 100 Ohio St.3d 8, 2003-Ohio-4829, 795 N.E.2d 648, ¶ 34. Thus, in all cases, a trial court is under an obligation to allow time for a full and fair response before ruling on a motion for summary judgment. *Id.* at ¶ 40. A trial court's failure to do so implicates procedural due process rights of the nonmoving party and constitutes reversible error. *Bank of New York v. Goldberg*, 11th Dist. Geauga No. 2019-G-0204, 2019-Ohio-3998, ¶ 8.

**{¶33}** Here, the trial court granted respondents' motion for summary judgment 11 days after it was filed and before Mr. Ames had filed a response, in contravention of Civ.R. 6(C)(1), which provides that "[r]esponses to motions for summary judgment may be served within twenty-eight days after service of the motion." Although Mr. Ames had an opportunity to be heard by filing a motion for partial summary judgment, he obviously could not have addressed the arguments in respondents' subsequent motion. Accordingly, the trial court erred by prematurely granting respondents' motion for summary judgment.

**{¶34}** Mr. Ames' second assignment of error has merit. We reverse the trial court's grant of summary judgment to respondents. On remand, the trial court shall permit Mr. Ames to file a response to respondents' motion.

7

**Trial Court Finding**

{¶35} In his third assignment of error, Mr. Ames contends that the trial court erred by finding that "the record establishes the Respondent had a rule for notice of meetings in compliance with division (F) of R.C. 121.22." The trial court made this finding in granting summary judgment to respondents on count 1 of Mr. Ames' complaint. Based on our disposition of his second assignment of error, Mr. Ames' third assignment of error is moot. *See* App.R. 12(A)(1)(c).

**Partial Summary Judgment**

{¶36} In his fourth assignment of error, Mr. Ames contends that the trial court erred by failing to grant his motion for partial summary judgment on counts 2 through 19 and 21 through 46 of his complaint.

{¶37} The trial court's judgment entry states that it considered Mr. Ames' motion; however, it did not expressly dispose of it, much less set forth its reasoning. In any event, when a trial court does not rule on a motion, it is deemed to be denied. *Vogias v. Ohio Farmers Ins. Co.*, 177 Ohio App.3d 391, 2008-Ohio-3605, 894 N.E.2d 1265, ¶ 45 (11th Dist.).

{¶38} However, it is not necessary for us to review the merits of Mr. Ames' motion at this time. "'Upon remand from an appellate court, the lower court is required to proceed from the point at which the error occurred.'" *State ex rel. Douglas v. Burlew*, 106 Ohio St.3d 180, 2005-Ohio-4382, 833 N.E.2d 293, ¶ 11, quoting *State ex rel. Stevenson v. Murray*, 69 Ohio St.2d 112, 113, 431 N.E.2d 324 (1982). Here, reversible error occurred when the trial court prematurely granted respondents' motion for summary judgment.

8

Thus, we necessarily reverse the trial court's implicit denial of Mr. Ames' motion for partial summary judgment.

{¶39} Mr. Ames' fourth assignment of error has merit in part. On remand, the trial court shall consider the merits of Mr. Ames' motion for partial summary judgment.

{¶40} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this opinion.

CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.

9