**[Cite as *State v. Yount*, 2024-Ohio-1500.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2023-CA-5 |
| | : | |
| v. | : | Trial Court Case No. 22CR554 |
| | : | |
| GREGORY C. YOUNT | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on April 19, 2024

. . . . . . . . . . .

CARLO C. MCGINNIS, Attorney for Appellant

PAUL M. WATKINS, Attorney for Appellee

. . . . . . . . . . . .

EPLEY, P.J.

{¶ 1} Defendant-Appellant Gregory C. Yount appeals from his conviction in the Miami County Court of Common Pleas on his guilty to a single count of felonious assault. For the reasons that follow, the judgment of the trial court will be affirmed.

**I.      Facts and Procedural History**

{¶ 2} On November 19, 2022, the victim was staying at the Budget Inn on Archer

Drive in Troy. Throughout the day, she had been arguing with her ex-boyfriend, Yount, about whether he could stay in the hotel room too. (He claimed to have paid for it.) She refused to let him in and, as a result, he sent her a series of threatening text messages, including several that promised physical harm: "I'm going to kill you"; "If you don't help me. I swear * * *, your [sic] done"; "I told you, I'll end this once and for all. DEAD BITCH"; "I will f*ck you up today, bet on that."

{¶ 3} At some point during the day, Yount gained access to the hotel room and the two began to argue. He then assaulted the victim, inflicting significant damage to her face, head, and neck. Instead of rendering aid or calling for medics, Yount left the victim's unconscious body in the bathtub and then left the scene. He was later found at another Miami County hotel, where he was arrested without incident.

{¶ 4} The victim was taken to a hospital in Troy and treated for fractures to her skull, jaw, and orbital bone. The damage was so severe that she was then transferred to a Dayton facility for more specialized care. She ultimately needed multiple surgeries to repair the injuries. Her victim impact statement indicated that she has plates and screws holding bones in her face together, that she has partial vision loss in her left eye, and that the severe concussion she suffered has led to manic episodes that have negatively affected her personal life.

{¶ 5} On December 21, 2022, Yount was indicted on one count of felonious assault, a felony of the second degree. He pleaded guilty as charged on January 24, 2023, and was sentenced to five to seven and a half years in prison on March 7, 2023. He has filed a timely appeal that raises three assignments of error.

**II.     Speedy Trial**

{¶ 6} In his first assignment of error, Yount argues that his speedy trial rights were violated. He believes, as a result, that his case should have been dismissed.

{¶ 7} The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution. R.C. 2945.71, Ohio's speedy trial statute, "was implemented to incorporate the constitutional protection of the right to speedy trial." *Brecksville v. Cook*, 75 Ohio St.3d 53, 55, 661 N.E.2d 706 (1996). The speedy trial statutes must be strictly construed against the government. *Id.*

{¶ 8} R.C. 2945.71 designates specific time requirements for the government to bring an accused to trial. Under the statute, a felony defendant must be brought to trial within 270 days of arrest. R.C. 2945.71(C). Each day the accused is held in jail in lieu of bail is counted as three days. R.C. 2945.71(E). "When multiple charges arise from a criminal incident and share a common litigation history, pretrial incarceration on multiple charges constitutes incarceration on the 'pending charge' for the purposes of the triple-count provision of the speedy trial-statute, R.C. 2945.71(E)." *State v. Parker*, 113 Ohio St.3d 207, 2007-Ohio-1534, 863 N.E.2d 1032, paragraph one of the syllabus. Additionally, the day of arrest is not counted when calculating a defendant's speedy trial time. *State v. Cimpaye*, 2022-Ohio-2740, 154 N.E.3d 415, ¶ 17 (2d Dist.).

{¶ 9} Although an individual is protected by this right, it can be waived. It is well established that a guilty plea waives the right to challenge a conviction on speedy trial grounds. *Montpelier v. Greeno*, 25 Ohio St.3d 170, 495 N.E.2d 581 (1986); *State v. Kelley*, 57 Ohio St.3d 127, 130, 566 N.E.2d 658, 661 (1991) ("[W]here an accused has

entered a plea of guilty he waives his right to raise the denial of his right to a speedy trial on appeal."); *State v. Hawkins,* 2d Dist. Greene No. 1998-CA-6, 1999 WL 197932, *4 (Apr. 9, 1999) ("Because a plea of guilty waives the defendant's right to trial, it necessarily also waives any claim that the defendant was denied his statutory and constitutional rights to a speedy trial."). This Court, however, has recognized a potential exception – when a speedy trial claim is raised in the context of ineffective assistance of counsel. *State v. Stivender,* 2d Dist. Montgomery No. 23973, 2011-Ohio-247, ¶ 15.

{¶ 10} In this case, Yount pleaded guilty on January 24, 2023. Unless the ineffectiveness of his counsel prevented him from making his plea in a voluntary manner, his guilty plea waived his right to a speedy trial. Yount does not argue ineffective assistance of counsel in his brief, and a review of the plea form and transcript indicates that his plea was made in a knowing, intelligent, and voluntary manner. We conclude, therefore, that he has waived any speedy trial claim. Yount's first assignment of error is overruled.

### III. Double Jeopardy

{¶ 11} In his second assignment of error, Yount claims that his "right to be free from double jeopardy was violated because his felonious assault (F2) and domestic violence (M1) charges constituted allied offenses of similar import; because he suffered multiple punishments in successive separate proceedings; and because he was twice placed in jeopardy for the same conduct." Appellant's Brief at 23.

{¶ 12} The Double Jeopardy Clause of the United States Constitution declares that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb,"

and similarly, Article I, Section 10 of the Ohio Constitution provides that "[n]o person shall be twice put in jeopardy for the same offense." The protections given by the Ohio and United States Constitutions are coextensive. *State v. Martello*, 97 Ohio St.3d 398, 2002-Ohio-6661, 780 N.E.2d 250, ¶ 7.

{¶ 13} In practice, "[t]he Double Jeopardy Clause protects against three abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 10.

{¶ 14} In this case, our record includes evidence of only one crime – felonious assault. There is no mention of a first-degree misdemeanor domestic violence. Looking outside the record, however, there appears to have been a misdemeanor domestic violence charge that was dismissed before Yount was arraigned on felonious assault in this case. Even if we took judicial notice of that case, we would find that there would not be a double jeopardy problem because there was not a second prosecution after acquittal or conviction and there were not multiple punishments for the same crime. In other words, the domestic violence charge did not exist in this case, and there is no evidence – inside or outside the record – that Yount was ever acquitted, convicted, or punished for it.

{¶ 15} The second assignment of error is overruled.

**IV.    Sentencing**

{¶ 16} Yount's third assignment of error contends that he did not receive a "lawful sentencing hearing" because the State reversed its "implied agreement" to defer to the court for sentencing.

{¶ 17} A plea agreement constitutes a contract between the State and a defendant and is subject to the law of contracts. *State v. Liskany*, 2011-Ohio-4456, 964 N.E.2d 1073, ¶ 190 (2d Dist.). If one side violates a term of the agreement, the other party can pursue appropriate remedies, including recission of the agreement. *Id.* In most cases, though, a plea agreement is not binding on the court and the decision of whether to accept it rests with the trial judge. *Id.* According to Crim.R. 11(F), the plea agreement must be stated on the record in open court.

{¶ 18} In the case at bar, Yount has failed to direct us to anything in the record that would indicate the State agreed to remain silent at sentencing. In fact, the transcript definitively shows the opposite: there was no agreement for the State to do anything at all. Yount was pleading to the indictment.

COURT: All right. This matter comes on for a Change of Plea. [Defense Counsel] are there any plea bargains that need to be placed on the record?

DEFENSE COUNSEL: No, Your Honor.

COURT: Defendant is pleading as charged?

DEFENSE COUNSEL: Yes, Ma'am.

COURT: And that's your understanding, [Prosecutor]?

PROSECUTOR: That is, Your Honor.

* * *

COURT: [Speaking to Yount] Has anybody promised you anything in exchange for your plea of guilt, other what's been – well just that you're pleading as charged, as you've – with no consideration?

YOUNT:    No, Ma'am.

Plea Tr. at 2 and 5. Likewise, an examination of the plea form reveals no agreement that the State would remain silent at sentencing or defer to the court. Therefore, there is no evidence of a breach of the plea agreement.

{¶ 19} Finally, Yount argues that the facts did not support his five to seven and a half year sentence.

{¶ 20} When reviewing felony sentences, we must apply the standard of review set forth in R.C. 2953.08(G). Under that statute, an appellate court may increase, reduce, or modify a sentence, or vacate it altogether and remand for resentencing, if it "clearly and convincingly finds either (1) the record does not support certain specified findings or (2) that the sentence imposed is contrary to law." *State v. Worthen*, 2d Dist. Montgomery No. 29043, 2021-Ohio-2788, ¶ 13.

{¶ 21} According to the Ohio Supreme Court, we may not independently "weigh the evidence in the record and substitute [our] judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 42. The inquiry is simply whether the sentence is contrary to law. A sentence is contrary to law when it falls outside the statutory range for the offense or if the sentencing court does not consider R.C. 2929.11 and 2929.12. *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18.

{¶ 22} Here, Yount's sentence was clearly within the statutory range for felonies of the second degree, and the trial court noted at disposition and in the judgment entry that

it had considered the principles and purposes of sentencing and the seriousness and recidivism factors found in R.C. 2929.11 and R.C. 2929.12. Yount's sentence is not contrary to law.    The third assignment of error is overruled.

## V.    Conclusion

**{¶ 23}** The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

TUCKER, J. and LEWIS, J., concur.