OPINION
{¶ 1} Defendant-appellant, Bruce A. Fricke ("appellant"), appeals the decision of the Allen County Court of Common Pleas to designate plaintiff-appellee, Emily C. Fricke ("appellee"), the residential parent and legal custodian of the couple's three children. Because competent and credible evidence exists to support the trial court's decision, we affirm.
 {¶ 2} Appellant and appellee married in July 1996 and had three children: Amanda D. Fricke, born in August 1992; Megan M. Fricke, born in January 1998; and Brooke C. Fricke, born in September 2003. The couple separated in May 2004, and appellee filed for divorce approximately one year later. Appellee subsequently moved to the State of Michigan during the divorce proceeding, and the trial court awarded temporary custody of the three children to appellant.
 {¶ 3} The trial court held an evidentiary hearing related to the divorce proceeding in November 2005. Following the hearing, the trial court issued a decision in January 2006 which granted the parties a divorce and designated appellee as the residential parent and legal custodian of the three children. The trial court subsequently issued a final judgment entry and divorce decree.
 {¶ 4} It is from this decision that appellant appeals and sets forth one assignment of error for our review.
 ASSIGNMENT OF ERROR The trial court's order designating plaintiff/appellee theresidential parent and legal custodian of the parties' threeminor children was against the manifest weight of the evidence,was contrary to law and constitutes an abuse of discretion.
 {¶ 5} Appellant argues the trial court's decision to designate appellee as the residential parent and legal custodian is not supported by competent, credible evidence. From this premise, appellant concludes the trial court abused its discretion when it rendered its decision in this case.
 {¶ 6} A trial court has discretion when it allocates parental rights. Miller v. Miller (1988), 37 Ohio St.3d 71, 74,523 N.E.2d 846. Accordingly, we will not reverse a trial court's decision to allocate parental rights absent an abuse of discretion. Davis v. Flickinger (1997), 77 Ohio St.3d 415, 418,674 N.E.2d 1159. A trial court abuses its discretion in allocating parental rights when its decision is not "supported by a substantial amount of credible and competent evidence." Rahev. Rahe (Sept. 15, 2000), 1st Dist. Nos. C-990719, DR-9800130 at *1, citing Davis, 77 Ohio St.3d at 418; Bechtol v. Bechtol
(1990), 49 Ohio St.3d 21, 550 N.E.2d 178, syllabus.
 {¶ 7} R.C. 3109.04(B)(1) requires a trial court to consider the children's best interests when the trial court allocates parental rights. To determine the children's best interests, a trial court must consider the non-exclusive list of factors set forth in R.C. 3109.04(F)(1). Those factors include the following:
(a) The wishes of the child's parents regarding the child'scare;
 (b) If the court has interviewed the child in chambers * * *,the wishes and concerns of the child, as expressed to the court;
 (c) The child's interaction and interrelationship with thechild's parents, siblings, and any other person who maysignificantly affect the child's best interest;
 (d) The child's adjustment to the child's home, school, andcommunity;
 (e) The mental and physical health of all persons involved inthe situation;
 (f) The parent more likely to honor and facilitatecourt-approved parenting time rights or visitation andcompanionship rights;
 (g) Whether either parent has failed to make all child supportpayments, including all arrearages, that are required of thatparent pursuant to a child support order under which that parentis an obligor;
 (h) Whether either parent previously has been convicted of orpleaded guilty to any criminal offense involving any act thatresulted in a child being an abused child or a neglected child;whether either parent, in a case in which a child has beenadjudicated an abused child or a neglected child, previously hasbeen determined to be a perpetrator of the abusive or neglectfulact that is the basis of an adjudication; whether either parentpreviously has been convicted of or pleaded guilty to a violationof section 2919.25 of the Revised Code involving a victim who atthe time of the commission of the offense was a member of thefamily or household that is the subject of the currentproceeding; whether either parent previously has been convictedof or pleaded guilty to any offense involving a victim who at thetime of the commission of the offense was a member of the familyor household that is the subject of the current proceeding andcaused physical harm to the victim in the commission of theoffense; and whether there is reason to believe that eitherparent has acted in a manner resulting in a child being an abusedchild or a neglected child;
 (i) Whether the residential parent * * * has continuously andwillfully denied the other parent's right to parenting time inaccordance with an order of the court;
 (j) Whether either parent has established a residence, or isplanning to establish a residence, outside this state.
 {¶ 8} The trial court made findings in its decision which directly related to each factor under R.C. 3109.04(F)(1). For example, the trial court found the following: both appellant and appellee wanted to be the residential parent and legal custodian for the three children, R.C. 3109.04(F)(1)(a); in an in camera interview, only Amanda maintained the requisite level of competence to communicate her desires and wishes to the court, R.C. 3109.04(F)(1)(b); the children were acclimated to their home, school, and community in Ohio, R.C. 3109.04(F)(1)(d); despite the animosity between the parties, both appellant and appellee were likely to comply with court-approved parenting time and visitation, R.C. 3109.04(F)(1)(f); appellee failed to pay temporary child support to appellant and owed an arrearage for the support, R.C. 3109.04(F)(1)(g); neither appellant nor appellee had been convicted of or pled guilty to an offense involving child abuse, child neglect, or domestic violence, R.C.3109.04(F)(1)(h); neither appellant nor appellee had denied the other of visitation, R.C. 3109.04(F)(1)(i); and appellee established a residence with her new fiancé in the State of Michigan where she planned to live in the future, R.C.3109.04(F)(1)(j).
 {¶ 9} In addition to the findings under R.C. 3109.04(F)(1), the trial court noted in its decision that, among other things, several witnesses testified appellant abuses alcohol and uses marijuana and crack cocaine. Appellant, however, testified he is "100% devoted" to his children; he expects to acquire a new modular home in the near future; he no longer abuses alcohol or uses drugs because his employer subjects him to random testing; and during the divorce proceeding, he witnessed appellee drink alcohol in excess and use marijuana.
 {¶ 10} In hearing the testimony and in observing the witnesses, the trial court determined that appellant was not credible "in any respect" and that a decision to designate appellant as the residential parent and legal custodian would have "a devastating negative effect upon the children's lives * * *." Thus, the trial court concluded it was in the children's best interest to designate appellee as the residential parent and legal custodian.
 {¶ 11} The trial court is in the best position to observe the witnesses, weigh the evidence, and evaluate the testimony.Davis, 77 Ohio St.3d at 418; In re Brown (1994),98 Ohio App.3d 377, 342, 648 N.E.2d 576. Accordingly, we defer to the trial court on such matters. Id.
 {¶ 12} After reviewing the record, we believe the trial court's decision to designate appellee as the residential parent and legal custodian of the three children is supported by substantial competent and credible evidence. We must, therefore, conclude the trial court did not abuse its discretion when it rendered its decision in this case.
 {¶ 13} Appellant's sole assignment of error is overruled.
 {¶ 14} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Bryant, P.J., and Rogers, J., concur.