[Cite as *Dappert v. Dappert*, 2017-Ohio-2704.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

BOBBIE DAPPERT,

      PLAINTIFF-APPELLEE,                  CASE NO. 8-16-14

      v.

ASHLEY DAPPERT,                         O P I N I O N

      DEFENDANT-APPELLANT.

---

Appeal from Logan County Common Pleas Court
Domestic Relations Division
Trial Court No. DR14-04-0083

**Judgment Affirmed**

**Date of Decision:   May 8, 2017**

---

APPEARANCES:

    *Miranda A. Warren* for Appellant

    *Laura Helmbrecht* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Ashley Dappert ("Ashley") appeals the January 27, 2016 Magistrate's Decision and the September 27, 2016 Entry of the Logan County Common Pleas Court naming plaintiff-appellee, Bobbie Dappert ("Bobbie"), the residential parent and legal custodian of Ashley and Bobbie's two minor children. For the reasons that follow, we affirm.

{¶2} Bobbie and Ashley were married on July 23, 2005. (Doc. 1). They have two children together, Z.D., who was born before their marriage, and M.D., who was born during the marriage. *Id*. The parties separated in early April, 2014.

{¶3} Bobbie and Ashley lived together with their children until Ashley left the marital residence and moved in with her boyfriend, Arl Creaman ("Arl") in April, 2014. When Ashley moved in with Arl, the children remained in the marital home with Bobbie. Ashley lived with Arl for approximately five months until she broke up with him and moved in with James Ritzma ("James"), her new boyfriend.

{¶4} Bobbie filed a complaint for divorce on April 17, 2014 in the Logan County Common Pleas Court. *Id*. With his divorce complaint, Bobbie requested a temporary restraining order against Ashley (Doc. 8); an order granting him temporary custody of the minor children (Doc. 9); and an order requesting temporary child support for the minor children. *Id*. The trial court granted Bobbie's

request for temporary custody on April 22, 2014 naming him the temporary residential parent and legal custodian of the children. (Doc. 16.).

{¶5} Ashley filed her answer to Bobbie's divorce complaint on May 9, 2014 and requested a hearing on the temporary custody order. (Doc. 19).

{¶6} On June 23, 2014, a temporary orders hearing was held from which the Magistrate filed his July 2, 2014 Agreed Judgment Entry / Temporary Orders naming Bobbie the residential parent and granting Ashley parenting time with the children on Tuesdays from 5:00 – 8:00 p.m., every Thursday from 5:00 p.m. to Friday at 6:00 p.m., and every other weekend from Friday at 6:00 p.m. to Monday at 6:00 p.m. (Doc. 34).

{¶7} On July 21, 2014, the Magistrate filed a Magistrate's Order appointing a Guardian-Ad-Litem ("GAL") to the case. (Doc. 38). Matthew Langhals, a Union County attorney, received the appointment as GAL. *Id.* A final divorce hearing was ultimately set for March 10, 2015.

{¶8} On October 15, 2014, Ashley filed a motion for contempt, requesting the trial court find Bobbie in contempt for denying her parenting time. (Doc. 58).

{¶9} In December of 2014, Bobbie moved into a new home with the children. His live-in girlfriend, Candace Carper ("Carper") contributed to the down payment but was not named on the deed to the real estate. (Tr. Pg. 63).

{¶10} On February 25, 2015, Ashley filed a motion to modify the temporary orders by naming her the residential parent and legal custodian of the children. She further requested that child support be paid to her, or, in the alternative, to modify the existing child support order. (Doc. 83).

{¶11} On March 2, 2015, the GAL filed his 28 page report with the trial court recommending that Bobbie be named the residential parent. (Doc. 84). The GAL further recommended parenting time for Ashley in accordance with the trial court's Local Rule, with a few exceptions. *Id.* The GAL did not recommend shared parenting. The matter then proceeded to a contested hearing scheduled for March 10, 2015.

{¶12} On January 27, 2016, the Magistrate filed a decision from the parties' final divorce hearing recommending that Bobbie be named the residential parent and legal custodian of the minor children. (Doc. 104). The decision recommended that Ashley be granted parenting time as the parties agreed, or alternatively on alternating weekends during the school year with a midweek visit. Holidays and days of special meaning should be pursuant to the Court's visitation guideline and summer break the children would alternate weeks with each parent. *Id.* In recommending Bobbie as residential parent the magistrate analyzed the statutory factors as set forth in R.C. 3109.04(F)(1)(a)-(j) as well as R.C. 3109.04(F)(2).

{¶13} On April 28, 2016, Ashley filed her objections to the magistrate's decision asserting that the magistrate erred in finding it would be in the best interest of the child[ren] for Bobbie to be named their residential parent. (Doc. 114). Ashley further argued that the magistrate erred by failing to find Bobbie in contempt for violating the temporary orders issued by the court. *Id.*

{¶14} On August 29, 2016, the trial court overruled Ashley's objections to the magistrate's decision, finding the decision without error of law, and adopted the findings and recommendations of the magistrate. (Doc. 122).

{¶15} On September 27, 2016, the trial court filed its judgment entry naming Bobbie the residential parent and legal custodian of Z.D. and M.D. Ashley was granted parenting time and ordered to pay child support to Bobbie in the amount of $542.91 per month, plus a two-percent processing fee. (Doc. 126).

{¶16} Ashley filed her notice of appeal on October 27, 2016 raising the following four assignments of error for our review.

### ASSIGNMENT OF ERROR NO. I

**IT WAS AN ABUSE OF DISCRETION AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN THE TRIAL COURT NAMED THE APPELLEE THE RESIDENTIAL PARENT AND LEGAL CUSTODIAN OF THE PARTIES [SIC] MINOR CHILDREN**

### ASSIGNMENT OF ERROR NO. II

**IT WAS AN ABUSE OF DISCRETION AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN THE**

**TRIAL COURT FAILED TO PROPER [SIC] APPLY ALL THE FACTORS IN OHIO REVISED CODE SECTION 3109.04(F)(1)**

**ASSIGNMENT OF ERROR NO. III**

**THE COURT COMITTED [SIC] PLAIN ERROR WHEN IT FAILED TO SPECIFICALLY APPLY OHIO REVISED CODE 3109.04(F)(1) IN IT'S [SIC] JUDGMENT ENTRY ADOPTING THE MAGISTRATE'S DECISION**

**ASSIGNMENT OF ERROR NO. IV**
**IT WAS AN ABUSE OF DISCRETION AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN THE TRIAL COURT DID NOT FIND THE APPELLEE IN CONTEMPT FOR FAILING TO ABIDE BY THE PARTIES [SIC] AGREED JUDGMENT ENTRY/TEMPORARY ORDERS FILED ON JULY 2, 2014**

### _First, Second and Third Assignment of Error_

{¶17} For purposes of economy, we have chosen to address together the common points raised by the first, second and third assignments of error, while collectively addressing the trial court's naming of Bobbie as the residential parent of the children.

{¶18} In her first, second and third assignments of error, Ashley challenges the trial court's decision naming Bobbie the residential parent and legal custodian of the parties' children. Specifically, Ashley argues that it was an abuse of discretion and against the manifest weight of the evidence for the trial court to name Bobbie the residential parent. Ashley also argues that the trial court committed plain

-6-

error by failing to properly apply the best interest factors found in R.C. 3109.04(F)(1) in its entry adopting the magistrate's decision.

### *Standard of Review*

{¶19} A trial court has discretion when it allocates parental rights. *Miller v. Miller*, 37 Ohio St.3d 71, 74 (1988). Accordingly, we will not reverse a trial court's decision to allocate parental rights absent an abuse of discretion. *Davis v. Flickinger*, 77 Ohio St.3d 415, 418 (1997). A trial court abuses its discretion in allocating parental rights when its decision is not "supported by a substantial amount of credible and competent evidence." *Fricke v. Fricke*, 3d Dist. Allen No. 1-06-18, 2006-Ohio-4845, citing *Davis*, *Id.*; *Bechtol v. Bechtol*, 49 Ohio St.3d 21, syllabus. "An abuse of discretion suggests the trial court's decision is unreasonable or unconscionable." *Brammer v. Meachem,* 3d Dist. Marion No. 9-10-43, 2011-Ohio-519, ¶14, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶20} The reason for this standard of review is that the trial judge is in the best position to view the demeanor, attitude, and credibility of each witness and to weigh the evidence and testimony. *Davis*, supra. This is especially true in a child custody case, since there may be much that is evident in the parties' demeanor and attitude that does not translate well to the record. *Id.* at 419.

> [I]t is inappropriate in most cases for a court of appeals to independently weigh evidence and grant a change of custody. The discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and

the impact the court's determination will have on the lives of the parties concerned. The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record. * * *

(Citations omitted). *Miller v. Miller*, 37 Ohio St.3d 71, 74.

{¶21} In applying an abuse of discretion standard, a reviewing court is not free to substitute its judgment for that of the trial court. *Hay v. Shafer*, 3d Dist. Mercer No. 10-10-10, 2010-Ohio-4811, ¶14, citing *Holcomb v. Holcomb*, 44 Ohio St.3d 128 (1989).

### *Best Interest Factors Under R.C. 3109.04(F)(1)*

{¶22} R.C. 3109.04(B)(1) requires a trial court to consider the children's best interests when the trial court allocates parental rights. *Rodriguez v. Rodriguez*, 3d Dist. Mercer No. 10-13-08, 2013-Ohio-4411 and *Fricke*, supra. "Further subsections of [R.C. 3109.04] spell out ten factors that the court shall consider to determine the best interest of the child, and five more factors to determine whether shared parenting is in the child's best interest." *August v. August*, 3d Dist. Hancock No. 5-13-26, 2014-Ohio-3986, ¶23, citing R.C. 3109.04(F)(1) and (2). Those factors include the following:

**(a) The wishes of the child's parents regarding the child's care;**

**(b) If the court has interviewed the child in chambers * * *, the wishes and concerns of the child, as expressed to the court;**

**(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;**

**(d) The child's adjustment to the child's home, school, and community;**

**(e) The mental and physical health of all persons involved in the situation;**

**(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation or companionship rights;**

**(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;**

**(h) Whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code or a sexually oriented offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;**

**(i) Whether the residential parent * * * has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;**

**(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.**

{¶23} In our review of the magistrate's decision we find that the above factors were analyzed by the trial court, specifically under (F)(1)(a), (c), (d), (f), (h) and (i) revealing the following: under factor (a), each party wished to be named the residential parent; under factor (c), the children have positive interactions and interrelationships with each parent, siblings and other people who may significantly affect their best interest; under factor (d), the children were acclimated to their home, school and community; under factor (f), the GAL acknowledged that Ashley is the parent more likely to honor and facilitate court approved parenting time rights or visitation; under factor (h), neither party had been convicted of or pled guilty to an offense involving child abuse or child neglect, although there was one incident of domestic violence with citations being issued against both parents, which were both resolved with pleas to a lesser offense; and under factor (i), Bobbie, as the temporary residential parent, has denied Ashley parenting time. (Magistrate's January 27, 2016 Decision at Pg. 4-5).

{¶24} In addition to the findings under R.C. 3109.04(F)(1), the magistrate further considered R.C. 3109.04(F)(2) and determined that shared parenting was not in the best interests of the children due to Bobbie and Ashley's "limited ability to

cooperate and make decisions jointly with respect to the children" and for the reason that "the parties seem to put little effort into encouraging the sharing of love, affection, and contact between the child and the other parent." *Id*. at Pg. 5-6.

### *GAL Report*

**{¶25}** The Magistrate also considered the GAL's report in determining the best interests of the children which included the wishes of Z.D. to live with her dad. (Tr. Pg. 259). This Court has previously determined that it is permissible for a trial court to rely upon an investigator's assessments and recommendations so long as the report contains sufficient facts from which the trial court can draw a proper conclusion and the trial court does not rely exclusively on the report in reaching its conclusion. *Brammer,* supra. Herein, the trial court appointed attorney Langhals as GAL pursuant to R.C. 3109.04(C). R.C. 3109.04(C) provides in relevant part:

> **Prior to trial, the court may cause an investigation to be made as to the character, family relations, past conduct, earning ability, and financial worth of each parent and may order the parents and their minor children to submit to medical, psychological, and psychiatric examinations. The report of the investigation and examinations shall be made available to either parent or the parent's counsel of record not less than five days before trial, upon written request. The report shall be signed by the investigator, and the investigator shall be subject to cross-examination by either parent concerning the contents of the report. \* \* \***

**{¶26}** In our review of the GAL report, we find such contains sufficient facts from which the trial court could draw proper conclusions in determining the best

interests of the children. In that regard, the GAL report details the best interest factors under R.C. 3109.04(F)(1)(a)-(i). In our review of the GAL report, it is evident that attorney Langhals' investigation was thorough and competently rendered. In our review of the magistrate's decision, it is clear that the GAL report was not the controlling reason for the recommendations of custody to Bobbie.

{¶27} Accordingly, we find no merit in Ashley's argument that the trial court's award of custody to Bobbie was an abuse of discretion and against the manifest weight of the evidence as competent and credible evidence exists in the record to support the award of custody to Bobbie.

{¶28} In addressing Ashley's argument that the trial court committed plain error by failing to apply R.C. 3109.04(F)(1) in its judgment entry adopting the magistrate's decision, we first must determine our standard of review in such regard. To constitute plain error in civil cases, we are to apply it "only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying process itself". *Goldfuss v. Davidson*, 79 Ohio St.3d 116 (1997).

{¶29} In our review of the trial court's judgment entry adopting the magistrate's decision, we determine the trial court conducted its independent review of the objections to magistrate's decision as evidenced by the following:

> **After review of the Decision, Defendant's Objection, Plaintiff's Response, and the transcript of the hearing, the Court finds that the Decision is without error of law and hereby ADOPTS the Magistrate's Findings and Recommendations.** (Doc. 122).

While not condoning the brevity of the trial court's judgment entry, we find that such does not rise to the level of plain error under the circumstances of this case.

{¶30} Accordingly, Ashley's first, second and third assignments of error are overruled.

### *Fourth Assignment of Error*

{¶31} In her fourth assignment of error Ashely asserts that the trial court abused its discretion for failing to find Bobbie in contempt for violating the temporary orders of the court.

{¶32} As stated hereinbefore, to constitute an abuse of discretion, the trial court's decision must be "unreasonable or unconscionable." *Brammer*, supra.

{¶33} In this case the trial court issued temporary orders of custody (to Bobbie) and parenting time (to Ashley) on July 2, 2014. On October 15, 2014 Ashley filed a motion for Citation in Contempt; motion to Appear and Show Cause alleging that Bobbie had violated the temporary orders regarding her parenting time with the children. (Doc. 58).

{¶34} The record is unclear if the matter ever proceeded to a contempt hearing prior to the divorce trial. However, the contempt motion was heard during the divorce trial. The magistrate's decision addresses and determines that Bobbie,

as the temporary residential parent of the children, denied Ashley parenting time (Mag. Dec. Pg. 7). Thus, we determine that the trial court did receive evidence relative to Ashley's contempt motion at the final hearing but did not specifically make findings or recommendations of contempt. The issue then becomes whether this constitutes an abuse of discretion.

{¶35} In this case, the failure of the magistrate to specifically rule on the contempt motion does not constitute an abuse of discretion. "It is well settled that when a motion is not ruled on by a trial court the motion is deemed to have been denied." *Vogias v. Ohio Farmers Insurance Company*, 11th Dist. Portage No. 2007-P-0099, 177 Ohio App.3d 391, 2008-Ohio-3605, citing *Newman v. Al Castrucci Ford Sales, Inc.*, 54 Ohio App.3d 166, 169 (1988), ¶45. It makes perfect sense that because the matter of contempt occurred approximately 16 months prior to the issuance of the magistrate's decision, the contempt of Bobbie was relevant to custody (under R.C. 3109.04) and not as to the aspect of punishment. Therefore, the magistrate did determine Bobbie's behavior as a custody factor, under R.C. 3109.04, in favor of Ashley.

{¶36} Moreover, we determine that since the magistrate chose not to rule on Ashley's contempt citation, the magistrate effectively denied the motion. And since the magistrate determined that Bobbie's behavior resulted in a custody factor in favor of Ashley, Ashley has failed to show that she was prejudiced by the

magistrate's failure to make specific recommendations on contempt. In summary, the appellant has failed to show that the trial court abused its discretion by not ruling on the motion. Accordingly, we overrule the fourth assignment of error.

{¶37} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment entry of the trial court.

*Judgment Affirmed*

**PRESTON, P.J., concurs.**

**WILLAMOWSKI, J., concurs in Judgment Only.**

**/jlr**